IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE HILL,      § | |
|     Plaintiff,      § | |
| § | |
| v.      § | Civil Action No. 3:12-CV-4878-L-BK |
| § | |
| HUGHES, WATTERS, ASKANASE, LLP,  § | |
|     Defendant.      § | |

### FINDINGS, CONCLUSION and RECOMMENDATION

Pursuant to the District Court's Order of Reference (Doc. 12), this case has been referred to the undersigned for pretrial management. Before the court are Plaintiff's *Motion for Temporary Restraining Order* and *Motion for Preliminary Injunction*. (Docs. 5, 6). After a review of the pleadings and applicable law, it is recommended that Plaintiff's motions be **DENIED**.

Plaintiff Lawrence Hill filed a *pro se* complaint against Defendant Hughes, Watters, Askanase, LLP, in which he alleges violations of the Fair Debt Collection Practices Act, negligence, and fraud in connection with Defendant's attempt to collect a debt and/or conduct a foreclosure sale of Plaintiff's residence.[1] (Doc. 3, *passim*). The complaint alleges that on September 6, 2012, Plaintiff received a letter from Defendant stating that Defendant was "the agent for the holder of the note or the true holder of the note" and demanding Plaintiff's payment of the debt, totaling $135,973.58. *Id.* at 2. Plaintiff disputes Defendant's authority to foreclose or collect the debt, and requests proof of Defendant's authority. *Id.* at 2-3. In his motions, Plaintiff seeks injunctive relief to prevent the foreclosure sale of his residence. (Docs. 5, 6 *passim*). Defendant did not respond to either motion.

---

[1] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that courts should liberally construe *pro se* pleadings).

The four elements a plaintiff must establish to secure injunctive relief are: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the court does not grant the requested relief, (3) that the threatened injury outweighs any harm that will result if the injunction is granted, and (4) the grant of injunctive relief will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

In each of his motions, Plaintiff claims there is a substantial likelihood that he will prevail because he will be able to show at trial that Defendant did not have the authority to collect debt from Plaintiff and Defendant is not the bona fide holder or agent of a bona fide holder of the instruments at issue. (Doc. 5 at 6-7; Doc. 6 at 14-15). Plaintiff claims that he will suffer immediate and irreparable injury if a foreclosure sale is conducted on his house because he will be forced to vacate the residence. (Doc. 5 at 7-8, Doc. 6 at 15). Plaintiff insists that the threatened harm of being forced to vacate his house outweighs any harm to Defendant. (Doc. 5 at 7; Doc. 6 at 15). Further, Plaintiff contends that the grant of injunctive relief will not adversely affect the public interest because he believes that due to foreclosures, there are already a number of empty houses in the local community, which create opportunities for vandalism and other criminal activity. (Doc. 5 at 7; Doc. 6 at 15).

While Plaintiff contends that he will suffer an immediate and irreparable injury if the foreclosure sale is conducted and he is forced to vacate his home, he has failed to present any facts to demonstrate there is a substantial likelihood that he will prevail on the merits of his claim. Indeed, Plaintiff has wholly failed to offer facts in support of his allegation that Defendant lacks authority to foreclose on the property. Rather, repeatedly requests Defendant to produce proof of its authority to collect the debt or foreclose on the property.

Injunctive relief "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." *Black Fire Fighters Ass'n v. City of Dallas*, 905 F.2d 63, 65 (5th Cir.1990).  Plaintiff's unsupported arguments are insufficient to warrant this extraordinary remedy.  *See Janvey,* 647 F.3d at 595.

It is recommended that Plaintiff's *Motion for Temporary Restraining Order* (Doc. 5) and *Motion for Preliminary Injunction* (Doc. 6) be **DENIED**.

**SO RECOMMENDED** March 28, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE