**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

**LAWRENCE HILL,**

    **Plaintiff,**

**v.**                                                            **3:12-CV-4878-L-BK**

**HUGHES, WATTERS & ASKANASE,**
**LLP,**

    **Defendant.**

## FINDINGS, CONCLUSION AND RECOMMENDATION

Pursuant to *Special Order 3*, this cause came before the undersigned for pretrial management. Plaintiff filed this action in November 2012. (Doc. 3). Defendant Hughes, Watters & Askanase, LLP, filed their *Motion for Summary Judgment* on October 1, 2013. (Doc. 27). Plaintiff was required to file his response, if he opposed the relief requested, by October 22, 2013, but he did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendant's dismissal motion, this Court ordered Plaintiff to respond to the motion no later than February 19, 2014, if he was opposed to the dismissal of his case. The undersigned warned Plaintiff that if he did not respond, he risked dismissal of his case without further notice. (Doc. 28). The February 19 deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendant's

dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statutes of limitation on Plaintiff's claims of fraud and negligence do not appear to expire until September 2014, at the earliest, because Plaintiff alleges Defendant sent the letter containing the allegedly illegal statements to him in September 2012. ([Doc. 3 at 3-4](), 6-7); *see* TEX. CIV. PRAC. & REM.CODE § 16.004(a)(4) (establishing four-year statute of limitations for fraud claims); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 885 (Tex. 1998) (noting two-year statute of limitations for negligence claims). Thus, dismissal of those claims without prejudice will not unfairly affect Plaintiff's legal interests. Accordingly, the District Court should dismiss Plaintiff's fraud and negligence claims against Defendant without prejudice for lack of prosecution and for failure to comply with a Court order.

As to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim, the statute of limitations expired in September 2013 during the pendency of this case. *See* 15 U.S.C. § 1692k(d) (establishing a one-year statute of limitations for violations of section 1692 of the FDCPA). Thus, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice. Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must

find one or more of the following aggravating factors:  (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct.  *Id.*

In this case, Plaintiff ignored Defendant's summary judgment motion and the Court's order directing him to respond to the motion.  Since Plaintiff is proceeding *pro se*, the delay caused by his failure to litigate his case is attributable to him alone.  *Id.*  Moreover, given the length of time this case has been pending (16 months), the undersigned finds that any further delay in resolving it will result in actual prejudice to Defendant.  *Id.*  In light of Plaintiff's intentional failure to respond to Defendant's motion and the Court's order, the age of the case, and the prejudice to Defendant, no lesser sanction will prompt diligent prosecution of this case.  Accordingly, the district court should exercise its discretion to dismiss Plaintiff's FDCPA claim under Rule 41(b) even if limitations may prevent further litigation of that claim.

**SO RECOMMENDED** on March 5, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3